UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LAVERT FINNEY, | ) | Case No.  1:04 CV 0926 |
| | ) | |
| Petitioner, | ) | Judge Kathleen M. O'Malley |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| DAVID BOBBY, WARDEN, | ) | |
| | ) | |
| Respondent, | ) | Magistrate Judge James S. Gallas |
| | ) | |

Lavert Finney is before the Federal District Court seeking habeas corpus relief under 28 U.S.C. §2254 from his state convictions for possession of cocaine, tampering with evidence and assault of a police officer. Finney has exhausted his state remedies. See *State v. Finney*, 2003 WL 245727, 2003 - Ohio - 529 (Ohio App. 9 Dist.), appeal not allowed, 99 Ohio St.3d 1436, 789 N.E.2d 1117, 2003 - Ohio - 2902 (Table). At issue in the state appeal were the same issues he now raises for his following two grounds for relief in his counseled petition:

> A. GROUND FOR RELIEF NO. 1: The Petitioner was denied effective assistance of counsel by his trial counsel concerning the unauthorized concurrence or revelation of facts during opening statement which essentially eliminated any possible defense to the charges in the indictment.
>
> B. GROUND FOR RELIEF NO. 2: The Petitioner was denied due process when all property confiscated resulting from an illegal arrest, search or seizure was not suppressed and all non-contraband items were not returned.

1:04 CV 0926                                                            2

*Facts:*

The facts as found by the state appellate court are quite lengthy, and so the undersigned has capsulized this evidence. These evidentiary findings are presumed correct and Finney has not presented "clear and convincing" evidence to rebut them. See 28 U.S.C. §2254(e)(1); *Joshua v DeWitt*, 341 F.3d 430, 436 (6th Cir. 2003). Akron Police Sergeant McNeil observed Finney in a black Land Rover from his unmarked police cruiser in a known drug area. The Land Rover was parked "hood to hood" with a dark blue car. Sergeant McNeil observed Finney leave his vehicle, enter the dark blue car on its passenger side for about 30 seconds and leave while stuffing a large white bag in his pants. Sergeant McNeil radioed for assistance to make an investigative stop of this apparent drug transaction. Meanwhile, Sergeant McNeil observed the dark blue car drive away to be replaced by another vehicle. The driver of this vehicle then entered the Land Rover on the passenger side. Police backup arrived and parked in front of the Land Rover blocking it. The officer exited and as he approached the Land Rover, Finney swerved sharply to go around the cruiser and struck an officer. Fortunately the officer was not seriously harmed. Finney sped away with his passenger in the Land Rover northbound on Hillard Drive and was pursued by a backup cruiser. At one point Finney was observed slowing, the passenger door opened and then closed and then Finney sped away. It was believed that the passenger had jumped out. One patrol car pursuing them stopped and began to search for the passenger. Detective Jones driving separately continued the pursuit on Norway Drive but stopped at the red light at the Copley/Diagonal Road intersection. By that time Sergeant McNeil was in pursuit and observed the Land Rover run the red light and continue southbound on Diagonal Road. Finney stopped near the intersection of Diagonal Road and Noble Avenue and attempted to flee on foot. He was apprehended by other officers. Search of his

1:04 CV 0926                                           3

person uncovered a plastic bag containing $16,000.00 in currency.  The route Finney had taken was retraced and a small bag containing 120 grams of powder cocaine was found by the side of the road near the intersection of Norway and Hillard Drive.  See *State v. Finney*, 2003 WL 245727 at *1-*3.

*Ineffective Assistance of Trial Counsel:*

   This first of two grounds argued by Finney is obtusely explained in the petition but the state appellate court had made sense of it all.  According to the state appellate court, Finney was upset by defense counsel's opening statement to the jury where he summarized the anticipated testimony of Sergeant McNeil.  The second area of contention was during cross-examination of Sergeant McNeil when defense counsel on cross-examination asked  "Now, sir, you testified that you saw [appellant] exit with a white bag and stuff it in his pants. *In your mind*, had a drug transaction occurred?(emphasis supplied)" The response was, "Absolutely," followed by the next question: "Okay, So that transaction had occurred, you had observed it, you could have simply stopped your vehicle, and he would have been stopped there, correct?"  See *Finney*, 2003 WL 145727 *6-7.  The state appellate court found that defense counsel had not "factualized the officer's assumption" as Finney argued because the officer had prefaced his outline in opening statement of the anticipated testimony no fewer than six times with the phrases such as "now, the testimony is going to be."

   With regard to the cross-examination, the state appellate court found this was just a mere continuation of counsel's line of questioning during which counsel elicited what Sergeant McNeil observed, "in your mind." So that, when the cross-examination was considered in context, it was "manifestly clear that counsel was calling into question Sergeant McNeil's reaction to what he

1:04 CV 0926                                          4

testified was his suspicion that a drug transaction had occurred, and was not admitting that the Sergeant's suspicions were accurate." *Id.* at *7.

Federal habeas is "an extraordinary remedy and 'will not be allowed to do service for an appeal.'" *Bousley v. U.S.*, 523 U.S. 614, 621, 118 S.Ct.1604, 140 L.Ed.2d 828 (1998), quoting *Reed v. Farley*, 592 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994).  For purposes of federal collateral review, all claims adjudicated on their merits by state courts are governed by 28 U.S.C. §2254(d)(1) and (2).  A district court has very restricted Congressionally granted powers for review under 28 U.S.C. §2254(d).  See *Williams v. Taylor*, 529 U.S. 362, 402-03, 117 S.Ct. 1495, 146 L.Ed.2d 389 (2000)*; Bell v. Cone*, 535 U.S. 685, 122 S.Ct. 1843, 1852, 152 L.Ed.2d 914 (2002). The extent of permissible federal review of state convictions as set forth as follows in the statute:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim  - - -
>
> (1) resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding (emphasis supplied).

The phrases "contrary to" and "unreasonable application" are not the same. *Lockyer v. Andrade*, 538 U.S. 63, 75-76, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003).  Under the "contrary to" standard of review, the state court's decision is "contrary to" clearly established federal law when it "confronts a set of facts that are materially indistinguishable from a decision of [the

1:04 CV 0926                                                5

Supreme Court] and nevertheless arrives at a result different from [this] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *Mitchell v. Esparza*, 540 U.S. 12, 15, 124 S.Ct. 7, 10, 157 L.Ed.2d 263 (2003).  Under those circumstances the Supreme Court has held that the federal court on habeas review may grant the writ.  *Id.*   The phrase "clearly established Federal law" refers to holdings, as opposed to *dicta,* of the U.S. Supreme Court at the time of the relevant state court decision.  *Lockyer*, 538 U.S. at 71-72, 123 S.Ct. at 1172; *Williams v. Taylor*, 529 U.S. at 412; *Bell v. Cone*, 535 U.S. at 698.

Under the "unreasonable application" standard, "the state court identifies the correct governing legal rule from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Williams*, 529 U.S. at 413; *Wiggins v. Smith*, 539 U.S. 510, 520-21, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003).  This includes both the state court's refusal to extend and its unreasonable extension of existing legal principles from Supreme Court precedent to new contexts.  See *Williams*, 529 U.S. at 407.  The unreasonable application of Supreme Court precedent must, however, be "objectively" unreasonable.  *Id.,* 529 U.S. at 409, 120 S.Ct. at 1521; *Wiggins, supra*, at 520-21.  When the state court has rendered a decision, the federal reviewing court may not grant the writ in its "independent review of the legal question."  *Lockyer v. Andrade*, 538 U.S. 63, 75, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003).

The state appellate court applied the correct test to measure counsel's effectiveness from *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d. 674 (1984).  See *Finney*, 2003 WL 245727 at *6.  In *Strickland*, the Supreme Court held that in order to establish ineffective

1:04 CV 0926                                                6

assistance of trial counsel, a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment . . . [and] that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 686-87; *Broom v. Mitchell*, 441 F.3d 392, 408 (6th Cir. 2006) (citing *Strickland.*). The state appellate court stopped at the first prong of this two-part test, finding counsel's performance was not deficient.

Finney accordingly must demonstrate that the state court decision finding trial counsel's performance was not deficient was an "objectively unreasonable" application of clearly established federal law. See *Rompilla v. Beard*, 545 U.S. 374, 380, 125 S.Ct. 2456, 2462, 162 L.Ed.2d 360 (2005); *Wiggins v. Smith*, 539 U.S. at 520-21. As explained in *Yarborough v. Alvarado*:

> The term unreasonable is a common term in the legal world and, accordingly, federal judges are familiar with its meaning. [ *Williams*, 529 U.S.]*,* at 410, 120 S.Ct. 1495. At the same time, the range of reasonable judgment can depend in part on the nature of the relevant rule. If a legal rule is specific, the range may be narrow. Applications of the rule may be plainly correct or incorrect. Other rules are more general, and their meaning must emerge in application over the course of time. Applying a general standard to a specific case can demand a substantial element of judgment. As a result, evaluating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.

*Id.*, 541 U.S. 652, 663-664, 124 S.Ct. 2140, 2149, 158 L.Ed.2d 938 (2004).

The rule at issue here is the two-prong test of *Strickland* and it is certainly a "more general" rule which gives the state courts leeway in its application. There was no indication that defense counsel had engaged in "the unauthorized concurrence or revelation of facts ... which essentially

1:04 CV 0926                                     7

eliminated any possible defense to the charges." Finney has not shown that the state appellate court's application of this rule was objectively unreasonable.[1]

*Denial of Due Process as a Result of Property Confiscation:*

This second ground was presented in the state courts as assignment of error no. 1, "The state court erred when it denied [appellant's] motion to suppress." *Finney*, 2003 WL 245727 *1. The state appellate court considered this a Fourth Amendment issue and concluded that the officers had probable cause to arrest, and accordingly, the cash subsequently found on Finney's person was lawfully discovered during the course of a search incident to his arrest and that the cocaine discovered alongside the road had been voluntarily abandoned and not subject to Fourth Amendment protections. *Id.* *4 - *5.

Finney raises his second ground as a due process claim, perhaps as an attempt to circumvent the general bar that exists against reviewing claims under the Fourth Amendment. However, for habeas purposes the Fourth Amendment determines "all the process he was due" in matters of alleged illegal search or seizure. See *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000), *cert. denied*, 531 U.S. 1089 (2001). Habeas challenges to search and seizure are in general not reviewable under §2254. As held in *Stone v. Powell,* a state convict's Fourth Amendment claim is not

---

[1] The state appellate court did not analyze the second prong of *Strickland* on the issue of prejudicial performance. This is certainly a natural given that the state court found that defense counsel's performance — the first prong - had not been established. Since the state court decision finding no deficient performance was not the result of an unreasonable application of *Strickland's* test, it is unnecessary to analyze the susequent issue of prejudicial performance. See *Scott v. Elo*, 100 Fed. Appx. 332, 334 (6th Cir. 2004); Compare *Wiggins*, 539 U.S. at 534 (federal reviewing court to make *de novo* determination of unaddressed second prong when state court decision applied *Strickland* unreasonably to first prong of this test.)

1:04 CV 0926                                                8

reviewable on habeas corpus if there had been an opportunity for full and fair litigation of the claim in state courts.  *Id.*, 428 U.S. 465, 481-82, 96 S.Ct. 3037, 49  L.Ed.2d 1067 (1976).

The Fourth Amendment encompasses both search and seizure and in particular in *Stone,* one of the issues confronting the court  was, "[w]hether, in light of the fact that the District Court found that the  Henderson, Nev. police officer had probable cause to arrest respondent for violation of an ordinance which at the time of the arrest had not been authoritatively determined to be unconstitutional, respondent's claim that the gun discovered as a result of a search incident to that arrest violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution is one cognizable under 28 U.S.C. §2254." *Stone*, 428 U.S. at 474 n. 5, 96 S.Ct. 3037, 3042 n. 5, *cert. denied*, 531 U.S. 1089 (2001).   Consequently, a habeas petitioner may not seek habeas relief on the claim of illegal arrest if he had a full and fair opportunity to raise that claim in state court and presentation of the claim was not thwarted by any failure of the state's review process.  *Machacek*, 213 F.3d 947, 952 (6th Cir. 2000).

Full and fair opportunity requires both adequate state procedural mechanism for this review and fulfilment of ths mechanism, and the Ohio procedural mechanism is adequate in the abstract to review Fourth Amendment claims.  *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982).   The sole remaining issue is whether the presentation was frustrated because of a failure in the procedural mechanism.  See *Riley v. Gray*, 674 F.2d at 526; *Machacek v. Hofbauer*, 213 F.3d at 952 .  Finney exercised the state judicial review procedures on this claim, so he cannot  establish he was prevented from litigating his suppression claims.  See *Riley*, 674 F.2d at 526; *Machacek*, 213 F.3d at 952.

1:04 CV 0926                                             9

## *CONCLUSION AND RECOMMENDATION*

Following review of the petition and applicable law, Finney has not demonstrated that he is in custody pursuant to judgment of a State court which was the result of a decision that was contrary to or involved the unreasonable application of Federal law as determined by the Supreme Court of the United States or was the result of a decision based on an unreasonable determination of the facts in light of the evidence in the State court proceeding.  See 28 U.S.C. §2254(d)(1) and (2).  There has been no demonstrated need for an evidentiary hearing.  It is recommended that the petitioner's application for habeas corpus be denied.

                                                                s/James S. Gallas
                                              United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: June 7, 2007