**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LAVERT FINNEY, | : | Case No. 1:04CV0926 |
| Petitioner, | : | |
| | : | JUDGE KATHLEEN O'MALLEY |
| v. | : | |
| | : | |
| DAVID BOBBY, Warden | : | <u>ORDER</u> |
| | : | |
| Respondent. | : | |

On May 18, 2004 Petitioner, Lavert Finney ("Finney or Petitioner"), filed a petition for a *writ of habeas corpus* (Doc. 1) pursuant to 28 U.S.C. § 2254. On May 21, 2004 the Court referred (Doc. 5) this case to Magistrate Judge James S. Gallas, ultimately for preparation of a Report and Recommendation ("R&R) regarding Finney's petition. On June 30, 2004, Respondent, David Bobby ("Bobby or Respondent"), filed an Answer/Return of Writ ("Answer") (Doc. 8). On July 27, 2004, Finney filed a Traverse (Doc. 11). On June 7, 2007, Magistrate Judge Gallas issued his R&R (Doc. 12) recommending that this Court deny Finney's petition and dismiss this case. On June 17, 2007, Finney filed objections to that R&R (Doc. 13).

Though not addressed in the R&R, the Court primarily concludes that Finney's petition is time-barred by the AEDPA's one-year statute of limitations. Alternatively, the Court agrees with the magistrate judge's merits-based conclusions that Finney has not demonstrated that the state appellate court's decision was: (1) contrary to, or involved the unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) based on an

unreasonable determination of the facts in light of the evidence presented.

For these reasons, as outlined in greater detail below, the Court concludes that Finney's petition is both procedurally time-barred and substantively without merit. Accordingly, Finney's petition must be **DENIED** and his case **DISMISSED.**

I. **BACKGROUND**

The R&R accurately sets forth this case's undisputed factual and procedural background. In the interest of efficiency, therefore, the Court adopts the R&R's articulation of this case's factual and procedural background, and does not restate them herein. To the extent necessary, if any, the Court will elaborate on factual and/or procedural issues worthy of additional consideration.

In sum, Finney's petition presents two grounds for *habeas* relief. First, Finney claims that he was denied effective assistance of trial counsel in violation of the Sixth Amendment. Finney asserts that his trial counsel inappropriately conceded facts that were never established by testimony. Finney argues that those alleged concessions eliminated any possible defense he could pursue. Second, Finney claims that he was denied due process in violation of the Fifth Amendment. In support of that ground, Finney asserts that the trial court improperly suppressed certain evidence and that certain seized items were not returned to him.

II. **LAW AND STANDARD OF REVIEW**

Because Finney filed his *habeas* petition on May 18, 2004, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this Court's review that petition. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998); *see also Woodford v. Garceau*, 538 U.S. 202, 210 (2003).[1] As a procedural matter, the AEDPA requires that *habeas*

---

[1] The AEDPA applies to petitions filed <u>after</u> the Act's <u>April 26, 1996</u> effective date. *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999).

petitions be filed within one year of the latest of four triggering dates. In pertinent part, the AEDPA provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of *habeas corpus* by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).[2] The AEDPA also outlines the standard by which federal courts review the merits of properly-asserted grounds for relief. In pertinent part, the AEDPA provides:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

---

[2] As applicable, the Court addresses *infra* how the AEDPA, and case law, address tolling of the limitations period during a petitioner's pursuit of his direct appeal.

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

After passage of the AEDPA, the various circuits interpreted the standard to be applied differently under these provisions.[3] In response to these nationwide variations, the Supreme Court directly addressed the meaning of the AEDPA's statutory language and, as the Sixth Circuit has confirmed, announced that the statute "places a new constraint on the power of a federal *habeas* court to grant a state prisoner's application for a *writ of habeas corpus* with respect to claims adjudicated on the merits in state court." *Campbell v. Coyle*, 260 F.3d 531, 539 (6th Cir. 2001) (*quoting Williams v. Taylor*, 529 U.S. 362, 412 (2000)) (emphasis added).

In *Williams v. Taylor*, 529 U.S. 362, 412 (2000), the Supreme Court clarified §2254(d)(1), stating that:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably

---

[3] *Compare Green v. French*, 143 F.3d 865 (4th Cir.1998), *and Nevers v. Killinger*, 169 F.3d 352, 358 (6th Cir. 1999), *with Long v. Humphrey*, 184 F.3d 758 (8th Cir.1999), *and Matteo v. Superintendent, SCI Albion*, 171 F.3d 877 (3d Cir. 1999).

4

<u>applies</u> that principle to the facts of the prisoner's case.

*Williams,* 529 U.S. at 412-413 (emphasis added). The Court also offered additional guidance regarding the meaning of "unreasonable application." A state court's decision can engender an "unreasonable application" of Supreme Court precedent if it "either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context." *Id*. at 409. "[A] federal *habeas* court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was <u>objectively unreasonable</u>." *Id*. (Emphasis added). As the Supreme Court recently advised, "[t]he question under [the] AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold. " *Schriro v. Landrigan*, – U.S. –, 127 S.Ct. 1933, 1937 (2007) *citing Williams,* 529 U.S. at 410.

Additionally, in reviewing *habeas* petitions, federal courts are obliged to "accept as valid a state court's interpretation of state law and rules of practice of that state." *Vroman v. Brigano,* 346 F.3d 598, 604 (6th Cir. 2003); *see also Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986). Similarly, they are not free to ignore the pronouncement of a state appellate court on matters of state law. *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676 (6th Cir. 2000). The standard of review applied to the merits of a petition for a writ of *habeas corpus*, therefore, is a stringent one.

As to the "unreasonable determination of the facts" clause in Section 2254(d)(2), the Supreme Court applied that section in *Wiggins v. Smith*, 539 U.S. 510 (2003). In *Wiggins*, the Court noted that a "clear factual error," such as making factual findings regarding the contents of social services records contrary to "clear and convincing evidence" presented by the defendant, constitutes

5

an "unreasonable determination of the facts in light of the evidence presented." *Id.* at 528-529. In other words, a state court's determination of facts is unreasonable if its findings conflict with clear and convincing evidence to the contrary. This analysis mirrors the "presumption of correctness" afforded factual determinations made by a state court which can only be overcome by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Mitchell v. Mason*, 325 F.3d 732, 737-738 (6th Cir. 2003). However, this presumption only applies to basic, primary facts, and not to mixed questions of law and fact. *Mason*, 325 F.3d at 737-738 (holding ineffective assistance of counsel is a mixed question of law and fact to which the unreasonable application prong of Section 2254(d)(1) applies).

### III. THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Though briefed by the parties, the magistrate judge did not address the threshold question of whether Finney's petition is time-barred by the AEDPA's one-year statute of limitations. Instead, he turned directly to the merits of Finney's petition and concluded that the state appellate court's determinations were neither "contrary to," nor an "unreasonable application of," clearly established federal law. As such, he concluded that Finney's petition is without merit and should be denied.

Specifically, with regard to Finney's first ground, the magistrate judge determined that the state appellate court applied the correct Sixth Amendment test to measure Finney's trial counsel's *constitutional* effectiveness, as outlined in *Strickland v. Washington,* 466 U.S. 668 (1984). In connection with that analysis, he determined that Finney failed to demonstrate that the state court's conclusion that trial counsel's performance was not constitutionally ineffective was not "objectively unreasonable." As such, the magistrate judge concluded that Finney's first ground for relief is without merit.

6

The magistrate judge also determined that, consistent with *Stone v. Powell,* 428 U.S. 465 (1976), *habeas* relief is not an available remedy for Fourth Amendment violations (*e.g.*, failure to suppress evidence) if there was an opportunity for full and fair litigation of those issues in the state court proceedings. Determining that such an opportunity existed here, the magistrate judge concluded that Finney's second ground for relief – which essentially challenges the propriety of the trial court's refusal to suppress evidence – is not permitted in the *habeas* context.

## IV. DISCUSSION

Though the magistrate judge did not address the issue, the Court primarily concludes that Finney's petition is time-barred pursuant to the AEDPA's one-year statute of limitations. That determination notwithstanding, the Court agrees with the magistrate judge's conclusion that Finney's grounds for relief are without merit. In so far as the statute of limitations issue presents a threshold inquiry, the Court addresses it first.

  **A.** **Finney's Petition is Time-Barred Pursuant to the AEDPA's One-Year Statute of Limitations**.

It is undisputed – and readily discernable from the record – that the procedural history of this case is as follows:

- On January 8, 2002, the trial court issued its journal entry as to Finney's conviction. As such, Finney's thirty (30) day deadline for filing a notice of appeal was February 7, 2002. OHIO R. APP. P. 4(A).

- On July 19, 2002, Finney filed a motion for leave to file a delayed appeal in the Court of Appeals for the Ninth District (Ohio) ("Ninth District").

- On February 5, 2003, the Ninth District affirmed Finney's conviction.

- On March 24, 2003, Finney filed a notice of appeal to the Supreme Court of Ohio.

7

- On June 11, 2003 the Supreme Court of Ohio denied certiorari. As such, Finney's ninety (90) day deadline for seeking certiorari to the United States Supreme Court was September 9, 2003. SUP. CT. R. 13(1). Finney did not pursue an appeal to the United States Supreme Court, however.

- On May 18, 2004, Finney filed the instant petition.

As outlined above, the AEDPA requires *habeas* petitions to be filed within one year of the latest of four triggering dates. 28 U.S.C. § 2244(d)(1). Here, it is clear that only one of § 2244(d)(1)'s triggering dates is applicable – namely, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A) (emphasis added).[4]

Finney's conviction, therefore, became "final" on February 7, 2002, when the thirty (30) day period for filing an appeal to the Ninth District expired. OHIO R. APP. P. 4(A). As noted, Finney did not timely file a notice of appeal. Rather, he filed a motion for leave to file a delayed appeal on July 19, 2002. The "tolling" issue presented here relates to the period of time between Finny's initial failure to pursue an appeal and his later motion for leave to file a delayed appeal – *i.e.*, whether that period of time counts against the AEDPA's one-year statute of limitations.

The Respondent argues that the limitations period commenced on January 9, 2002 and ran

---

[4] Finney's grounds for relief are based on alleged errors that occurred prior to and/or during his trial. Because the record would not support it, Finney makes no claim that: (1) an impediment existed preventing the filing of his petition; (2) the Supreme Court has recognized a new right (and made it retroactively applicable) relevant to his asserted grounds; or (3) he was unaware of underlying facts that inform his asserted grounds. To the contrary, the record clearly reflects that Finney was well-situated immediately after his trial to assert the grounds asserted in his present *habeas* petition. Accordingly, neither 28 U.S.C. § 2244(d)(1)(B), (C) nor (D) apply here.

8

for 161 days until Finney filed his motion for a delayed appeal on July 19, 2002. When the Ninth District permitted the delayed appeal, argues the Respondent, the limitations period was tolled, <u>but it was not reset</u>. In response, though his argument contains no legal authority and is less than crystal clear, Finney seemingly argues that the Ninth District's grant of his motion for a delayed appeal effectively reset the limitations clock. In other words, he argues that the 161 days that had elapsed were completely erased from the limitations calculation simply because the Ninth District permitted his delayed appeal. Finney argues, therefore, that the limitations period expired one year from June 11, 2003, the date on which the Supreme Court of Ohio denied certiorari.[5]

Tolling is addressed by the AEDPA and case law. Indeed, the AEDPA itself makes clear that the limitations period is tolled during a petitioner's pursuit of his underlying state court appeal(s). In this regard, the AEDPA provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claims is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). In *Searcy v. Carter,* 246 F.3d 515 (6th Cir. 2001), however, the Sixth Circuit held that a petitioner cannot indefinitely delay the running of the statute of limitations in a federal *habeas* action simply by obtaining a delayed appeal in state court. The *Searcy* Court reasoned that, although filing a motion for delayed appeal may toll the limitations period, it does not cause it to begin running "anew." *Id*. at 519. The Sixth Circuit emphasized this point in *DiCenzi v. Rose*, 452 F.3d 465, 468-469 (6th Cir. 2006), stating that a motion for delayed appeal, "even if granted, does not restart the statute of limitations, but if properly filed, it does toll the statute <u>during</u>

---

[5] Of note, Finney does not include in his time calculation (as does the Respondent) the ninety (90) day period in which to appeal to the United States Supreme Court.

9

the time the motion was pending." *See also Johnson v. Warden*, Slip Copy, No. 1:06CV156, 2007 WL 2206550 (S.D. Ohio July 30, 2007) (holding that filing for delayed appeal tolls but does not restart the statute of limitations) (emphasis added).

Finney filed his motion for delayed appeal on July 19, 2002. By that time, based on the AEDPA's first triggering date in § 2244(d)(1)(A), the statute of limitations had been running for 161 days – *i.e.*, from February 7, 2002 when Finney's direct appeal deadline expired. While not started "anew," the limitations period was then tolled while: (1) the Ninth District considered Finney's properly filed[6] motion for delayed appeal; (2) the Ninth District resolved Finney's direct appeal (having granted the motion); and (3) Finney pursued appeals to the Supreme Court of Ohio and the United States Supreme Court. 28 U.S.C. § 2244(d)(2). Though Finney did not pursue an appeal to the United States Supreme Court, his deadline for doing so expired on September 9, 2003.

Under the most liberal view, therefore, the statute of limitations began to run again on September 10, 2003.[7] In light of the 161 days that had already elapsed, the limitations period expired 204 days later on March 31, 2004 (*i.e.*, 161 + 204 = 365). Because Finney's petition was filed on

---

[6] It appears that the time period that accrues while the motion to file a delayed appeal is pending only tolls the statute of limitations when the motion is granted, *i.e.* when the motion is properly filed. *See Bonilla v. Harley*, 370 F.3d 494, 497 (6th Cir. 2004).

[7] Of note, tolling of the limitations period for the ninety (90) day period during which Finney could pursue an appeal to the United States Supreme Court appears no longer to be a requirement. *Lawrence v. Florida,* ---- U.S. ----, 127 S.Ct. 1079, 1082 (2007) overruled *Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003), which had previously required tolling for those additional ninety (90) days. In sum, *Lawrence* held that § 2244(d)(2) does not toll the *habeas* limitations period during the ninety (90) days allotted for appealing to the United States Supreme Court. *Id.* Regardless, even with the benefit of the ninety (90) day window, Finney's petition is still time-barred. This distinction is of no consequence in any event because Finney maintains that his direct appeal concluded on June 11, 2003 when the Supreme Court of Ohio declined to take his appeal.

10

May 18, 2004, it was untimely under the AEDPA's one-year statute of limitations.[8]

### B. Alternatively, The Court Agrees with the Magistrate Judge's R&R, and Finney's Objections Thereto are Not Well-Taken.

Notwithstanding the fact Finney's petition is time-barred, his petition is without merit in any event. Finney's objections to the R&R, to the extent they even qualify as "objections" as opposed to "re-stated" arguments, are few. For example, Finney's first and third objections, convoluted as they are, do nothing more than restate the arguments Finney made in his other papers – *i.e.*, that his trial counsel "factualiz[ed] the officer's assumption" during his opening statement and cross examination of the police officer witness. Such "objections" warrant little attention; the Court briefly addresses them below.

As the magistrate judge correctly notes, the state appellate court identified the correct Sixth Amendment test in regards to "effectiveness" of trial counsel. In *Strickland,* the Supreme Court provides a conjunctive, two-prong test for determining *constitutional* effectiveness of counsel. First, a defendant must show "that counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment." Second, the defendant must demonstrate that "the deficient performance of counsel prejudiced the defense." *Strickland,* 466 U.S. at 686-687.

In its *Strickland* analysis, the state appellate court reasoned that defense counsel did not

---

[8] As noted, Finney has failed to articulate any cogent tolling argument and has not even addressed the various authorities in support of the Respondent's position on this issue. While the Court acknowledges that tolling doctrines exist separate and apart from the AEDPA (*e.g.*, equitable tolling), under the circumstances of this case, and especially in light of Finney's failure to assert them or to respond to the issues raised, the Court finds that no alternative tolling doctrine or theory can save Finney's petition in any event.

11

"factualize[] the officer's assumptions" because counsel[9] qualified his statements by indicating that the purpose of using the officer's assumption was to call into question the officer's reaction to the "officer's suspicion" that a drug transaction had occurred. As such, the state court concluded that counsel's effectiveness was not constitutionally flawed; a legitimate tactical explanation existed.

Finney simply maintains that the state courts got it wrong. To warrant *habeas* relief, however, he must demonstrate that the state court's application of *Strickland* was "objectively unreasonable." *Williams,* 529 U.S. at 409-410. Thus, Finney must show that trial counsel's performance fell below an objective standard of reasonableness, and that the state court's conclusion to the contrary was objectively unreasonable. *Strickland*, 466 U.S. at 688. Whether this Court agrees with the state court's ultimate conclusions is not the test for *habeas* relief.

Finney has not demonstrated that his trial counsel's performance fell below an objective standard of reasonableness, or that the state court's application of *Strickland* was unreasonable. Rather, he simply makes the conclusive argument that counsel engaged in "the unauthorized concurrence or revelation of facts," and that such conduct must be constitutionally problematic. Commenting on expected testimony in an opening statement, or during cross-examination, or eliciting the thoughts of a witness so as to attempt to cast doubt upon them does not necessarily amount to "the unauthorized concurrence or revelation" of those facts. While methods chosen during trial may not be as helpful as counsel may think, or may outright fail, such determinations or failures do not necessarily render counsel's assistance *constitutionally* ineffective. Even if defense counsel's conduct here was not the most tactically sound, and it is debatable as to whether that is the

---

[9] In the R&R, the magistrate judge inadvertently used the term "the officer" instead of "trial counsel" when quoting the comments made during the opening statement and cross examination.

case, the state court's conclusion that it was acceptable certainly is not objectively unreasonable.

Finney's second and fourth objections likewise are nothing more than inarticulate restatements of prior arguments. As the magistrate judge correctly concludes, Fourth Amendment claims are not cognizable on *habeas corpus* if there had been an opportunity for full and fair litigation of them in state courts. *Stone*, 428 U.S. at 494.[10] In this case, there is no indication – neither by Finney, nor the record – that Finney did not have an adequate opportunity to present his Fourth Amendment claims in the state courts. Indeed, he moved to suppress the evidence at issue. As with his Sixth Amendment claim, Finney has failed to provide any factual or legal basis upon which the Court could conclude that his Fourth Amendment claims are appropriate. Instead, Finney argues in his objections only that "no suppression hearing is ever fair," and the state appellate court's "summary resolution" of Fourth Amendment issues is "hardly ever enough." Such criticism is not a legitimate basis for *habeas* relief.

---

[10] In determining if a petitioner was afforded a full and fair opportunity to litigate his Fourth Amendment claims, the Sixth Circuit has provided a two-part test. First, the court must determine whether, in the abstract, the state procedural mechanism presents the opportunity to raise a fourth amendment claim. Second, the court must determine whether presentation of the claim was frustrated because the mechanism failed. *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982) *cert. denied,* 459 U.S. 948 (1982).

13

## V. CONCLUSION

For the foregoing reasons, Finney's petition is time-barred by the AEDPA's one-year statute of limitations. Alternatively, the Court agrees with the magistrate judge's conclusions in his R&R and finds that none of Finney's objections thereto are meritorious. In addition to the Court's independent conclusions outlined herein, therefore, the Court **ADOPTS the R&R** (Doc. 12) in support of its alternative holding.

Accordingly, Lavert Finney's petition for a *writ of habeas corpus* pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED** and his case **DISMISSED.**

**IT IS SO ORDERED.**

                                                      **s/Kathleen M. O'Malley**
                                                      **KATHLEEN McDONALD O'MALLEY**
                                                      **UNITED STATES DISTRICT JUDGE**

**Dated: September 21, 2007**